

FILED
NOV 21 2012
UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

MATTER TAKEN UNDER ADVISEMENT

| | |
|---|---|
| Bankruptcy Judge: | Hon. Redfield T. Baum |
| Case Name: | Robert Clyde & Cheryl Ann Covey Porter,   Chapter 7 |
| Case No.: | 2:10-bk-04269-RTBP |
| Adversary Name: | Hall Tam & Grace Tam vs. Robert Clyde Porter & Cheryl Ann Covey Porter |
| Adversary No.: | 2:10-00917-RTB |
| Subject of Hearing: | Closing Argument on Complaint |
| Date Matter Taken Under Advisement | October 3, 2012 |
| Date Ruled Upon: | November 21, 2012 |

Tried to the court were the claims by Plaintiffs, Hall Tam and Grace Tam, brother and sister, that the debts owed to them by the Defendants and chapter 7 debtors, Robert and Cheryl Ann Covey Porter, were not dischargeable in bankruptcy under Section 523(a) of the Bankruptcy Code.

Most of the core facts are undisputed; the conclusions to be drawn therefrom are hotly contested. Defendants, through their corporation, were in the home building and development business in the Las Vegas, Nevada area. Plaintiffs worked and resided in New York City.

Through a friend in the real estate business in Nevada, Plaintiffs became aware of high-end residences built and marketed by Defendants' corporation. Defendants marketed these residences as a good investment with little or minimal actual investment required by the purchasers. The concept and representation was that Defendants would cause the residences to be immediately leased back from the buyer with the lease payments equal to or greater than the mortgage payment and a deposit paid as part of the lease back that essentially equaled the purchasers' down payment. These parties agreed to two such transactions. Plaintiffs obtained two loans to purchase two residences for purchase prices for each residence in excess of a million dollars. Although delayed , both escrows closed with Plaintiffs having obtained, and obligated to pay, loans on both residences. The proceeds from the closings essentially paid off the Defendants expensive loans on that project; Defendants had to get deferments from their lender(s) on the due dates of their loans because of the delayed closings of these two agreements. Defendants and their corporation then refused to enter into the lease back agreements and did not (re)fund the deposit. Defendants asserted that the loans were obtained fraudulently because Plaintiffs had represented that the residences would be owner occupied residences and loans; and that was false. Defendants further asserted that because of prior litigation on this point [owner occupied loans] they would not enter into any agreements with Plaintiffs.

Plaintiffs sued Defendants in Nevada and obtained a default judgment. That judgment was a default judgment because the Defendants' answer was stricken because the Defendants "failed and refused to participate in the litigation of this matter" and failed "to demonstrate any participation in this matter". Prior to that determination, Defendants attorney had withdrawn and they were unrepresented thereafter. At a prove up hearing where Defendants were present, the judgment was entered for actual and punitive damages "as a result of the foregoing active,

malicious and oppressive conduct" of the Defendants.

The five elements to establish a Section 523(a)(2) fraud claim are (1) misrepresentation, fraudulent omission, or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damages proximately caused by the reliance on such statement or conduct In re Slyman, 234 F.3d 1081 (9th Cir. 2000).

The court easily finds that Plaintiffs justifiably relied on Defendants' statements and conduct and were damaged by that reliance certainly caused by the Defendants. The court also finds that Defendants engaged in deceptive conduct and knew that both their statements and conduct were deceptive. By their own statements, Defendants never communicated in any manner to Plaintiffs that either that their loan must expressly disclose that the two escrows were investment loans i.e. not owner occupied loans, or that such was a material term of these transactions. Defendants further never communicated that there were any form of limitations or conditions of any kind regarding the simultaneous sales and lease back deals. Finally, the court further finds that the Defendants intended to deceive Plaintiffs. The court makes this finding in significant part because the post closing rationale and concerns were, accepting Defendants evidence as testified, known prior to the negotiations and agreements with Plaintiffs. Assuming that the expressed conditions were in fact material to Defendants, to not expressly disclose such conditions is compelling evidence of intentional deception. To this court, the Defendants' silence on these points through the escrow closings is very telling on the deceptive conduct and intent to deceive findings expressed above. Particularly where the Defendants sale/lease back concept was of long standing and they had strong indications that Plaintiffs were neophytes to such transactions and investments. Therefore, the court finds and concludes Plaintiffs' debts, the

state court judgments, are not dischargeable in bankruptcy based upon fraud under Section 523(a)(2) of the Bankruptcy Code.

Given the foregoing findings and conclusion, the court need not, and will not, decide the collateral estoppel and res judicata effect of the state court judgment. Counsel for Plaintiffs shall serve and lodge an appropriate form of judgment.


Copy of the foregoing
mailed this 21 day of
November, 2012 to:

R. Christopher Reade
READ & ASSOCIATES
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada  89128

Don Lawrence
LAWRENCE LAW OFFICES
8110 E. Cactus Road, Suite 105
Scottsdale, Arizona  85260-5210

by  /s/   G. C. Magana
         Judicial Assistant